IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLAW J. KORNECKI**<br>437 Twining Ford Road<br>Richboro, PA 18954<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>**TEMPLE UNIVERSITY HOSPITAL,**<br>(D/B/A Temple University Health System)<br>3333 North Broad St.<br>Philadelphia, PA 19140<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, George Bochetto, Esquire of Bochetto & Lentz, P.C., comes now and complains as follows:

### I. THE PARTIES

1. Plaintiff, Leslaw J. Kornecki (hereinafter "Kornecki") is an adult individual and former employee of the Defendant, with a residence at 437 Twining Ford Road, Richboro, PA 18954.

2. Defendant, Temple University Hospital (D/B/A Temple University Health System) (hereinafter "Temple") is, upon information and belief, a Pennsylvania Corporation having as its principal place of business at 3333 North Broad Street, Philadelphia, PA 19140.

### II. INTRODUCTION

3. Kornecki brings this action against Temple based upon the violation of his federal

rights under the Family and Medical Leave Act, 29 U.S.C.A. § 2611 et. seq. Under the pretext of firing Kornecki for allegedly downloading pornographic materials onto his Temple-issued laptop computer (when, in reality, there was no such evidence because Kornecki had surrendered his laptop five months earlier) Temple fired Kornecki when, in reality, the reason Kornecki was terminated was because Kornecki had, just days before his termination, requested benefits under the Family and Medical Leave Act. This lawsuit seeks damages recoverable under the FMLA, attorney's fees, and reinstatement of Kornecki to his prior position, with full benefits, and also seeks punitive damages and damages for defamation.

### III. JURISDICTION AND VENUE

4. Jurisdiction over this action is within the federal courts because a federal question is involved pursuant to the Family and Medical Leave Act, 29 U.S.C.A. § 2611 et. seq.

5. Venue is proper in the Eastern District of Pennsylvania because all the parties reside and do business in this District, and that is where the acts complained of occurred.

### IV. FACTS

6. Kornecki was first employed by Temple on July, 6, 1998, as Manager of Computer Systems in connection with the Operating Room scheduling and billing systems of the Hospital.

7. Indeed, Kornecki had been instrumental in developing computer software and programming for the operating room scheduling and management, and was an expert at it, and recovered more than six million dollars in implant billings which would not have otherwise been recovered.

8. During the entirety of Kornecki's employment with Temple, he received outstanding performance reviews.

9. Kornecki is married and has a young daughter, Jeniffer, 2 years old, who has been diagnosed with leukemia and who is now undergoing chemotherapy treatments.

10. On February 20, 2002, Kornecki submitted to the Human Resources Department of Temple a request for permission for intermittant leave pursuant to his rights under FMLA, noting that his immediate supervisor was Marcia Redden and that the purpose of his request was that his daughter required his assistance in caring for her condition and treatment.

11. Kornecki's request was certified by Kornecki's daughter's pediatric physician, Dr. Leslie Segal, of Children's Hospital of Philadelphia. (A copy of that request is attached here to as Exhibit "A.")

12. Though Kornecki had requested leave for two-and-half years, two days later on February 22, 2002, Michelle Hackett, of Temple's Employee Benefits Department, sent a letter to Kornecki approving his request for the dates of February 22, 2002 to February 22, 2003, only. (A copy of Ms. Hackett's letter is attached here to as part of Exhibit "B.")

13. Only days later, Kornecki was fired by Temple, effective March 4, 2002.

14. The reason provided to Kornecki by Temple for his termination was that Kornecki's supervisor discovered pornographic materials had been downloaded on the Temple-issued laptop computer Kornecki had been issued.

15. In fact, Kornecki had been issued two laptop computers, originally a Gateway laptop, and subsequently a Sony laptop.

16. Kornecki's Gateway laptop computer had been, at Temple's request, surrendered to his supervisor five months earlier in November of 2001, and was in either in the supervisor's possession or other some person's possession for the five months

preceding Kornecki's termination.

17. Further, even while the Gateway laptop was in Kornecki's possession, it was frequently used by others at Temple, including Temple students when Kornecki was not using it.

18. In fact, on many of the dates Temple alleged Kornecki downloaded pornography, Kornecki was attending a training seminar, was not in the office, and was not physically using the Gateway laptop.

19. During such times, the Gateway laptop was easily available for use by students and others at Temple.

20. Further, students and others at Temple were known to have used Kornecki's laptop and easily could download pornography, including child pornography, through Temple's main server.

21. Despite notice to Temple that its main server was facilitating pornography, Temple never did anything about it.

22. Kornecki's Sony laptop, though issued to him by Temple, was located at his home through and including the time of his termination, and was seldom at Temple or Kornecki's office of employment.

23. Kornecki was terminated not because of any pornographic materials that may have allegedly been on either of his laptops, but, rather, because Temple did not want to incur the expense of bringing on additional computer specialists to back up Kornecki during the times when he would need leave to care for his leukemic daughter.

24. Indeed, even according to Temple's own "Work Rules" (a copy of which is attached hereto as Exhibit "C"), the first offense for the so-called "misuse of Temple property", calls for a written warning, a second offense for a suspension of three

working days, and a termination only upon a third offense.

25. Kornecki had no offenses, prior or otherwise.

26. Further still, Kornecki was entitled to a termination hearing within ten (10) working days of his notice of termination.

27. Kornecki was not provided such a hearing until thirty (30) working days later, and even at that such hearing was kangaroo in nature, with no meaningful opportunity to question witnesses or examine evidence.

28. The results of the discharge hearing (sustaining Kornecki's termination) was at all times a forgone conclusion.

## V. RELIEF REQUESTED

### COUNT 1

**(Kornecki v. Temple University Hospital)**
**(Violation of Federal Statute)**

29. Plaintiff hereby incorporates all of the paragraphs herein as though fully set forth at length.

30. Kornecki's employment with Temple was wrongfully terminated in violation of the guarantees and statutory rights set out in the Family and Medical Leave Act, 29 U.S.C.A. § 2611, et seq.

31. At all times relevant, Konecki was qualified to continue his employment with Temple and wanted to do so.

32. At all times relevant, Kornecki was able, ready, and willing to insure Temple's operating room computer would function effectively even while on leave.

33. Temple's acts were designed to and did in fact interfere with, restrain, and deny the exercise by Kornecki of his rights under FMLA.

**WHEREFORE,** Plaintiff respectfully requests judgement against Defendant for an amount equal to all of the benefits and salary, other compensation, emoluments and wages lost to him by virtue of the wrongful termination of his employment, together with an order reinstating Plaintiff to his former position with the Defendant, without loss of seniority, benefits, or salary and compensations, together with interest on such awards, attorney's fees, cost of proceeding with this litigation, and punitive damages.

### COUNT II

### (Kornecki v. Temple University Hospital)
### (Defamation)

34. Plaintiff hereby incorporates all of the paragraphs herein as though fully set forth at length.

35. Plaintiff has since the date of his wrongful termination made numerous attempts to find other, suitable, and comparable employment, but each time he gets close to hire, he is abruptly informed by the prospective employer that the position is no longer available to him.

36. Plaintiff believes, upon information and belief, that Defendant has maintained records and communicated the same to prospective employers falsely indicating or implying that Plaintiff was terminated because of misuse of property, for downloading pornography onto a Temple-issued computer, and/or for other acts in violation of Temple policy, all of which are false.

37. Such statements have in fact caused Plaintiff both reputational damage and have interfered with his obtaining replacement employment.

38. The defamatory material was maintained and published by Temple during the time period of March 2002 to the present, and, upon information and belief, has been

communicated to, among others, Siemens Medical Solutions Health Services Corporation.

39. Whatever qualified privilege may have existed for Temple's statements about Kornecki to a prospective employer was abused and exceeded by Temple's negligence, gross negligence, and intentional indifference to Kornecki's rights.

**WHEREFORE,** Plaintiff respectfully requests judgement against Defendant in an amount in excess of $75,000, together with such costs, interest, attorney's fees, and punitive damages as the Court deems just.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**


By:_____
George Bochetto, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

Attorney for Plaintiff

Date: _____

PLANTIFF HEREBY DEMANDS A TRIAL BY JURY OF TWELVE.