EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | No.: 02-CV-3708 |
| Defendant. | : | |

**TEMPLE UNIVERSITY HOSPITAL'S SURREPLY TO PLAINTIFF'S
OPPOSITION TO TEMPLE HOSPITAL'S MOTION FOR SUMMARY JUDGMENT**

Mr. Kornecki's response to the Hospital's motion for summary judgment raises no material factual issues in dispute. Mr. Kornecki cannot and does not dispute that he purchased pornography during working hours on the Hospital's computers. Nor does Mr. Kornecki dispute that he viewed a certain amount of pornography during working hours on the Hospital's computers. Finally, Mr. Kornecki can point to no case in which Temple University Hospital was aware of any other employee who used or purchased pornography during working hours who was not similarly fired for that conduct.

A large portion of Mr. Kornecki's opposition to Temple's motion for summary judgment is premised on the theory that Mr. Kornecki was entitled to progressive discipline before being fired and that the Hospital's termination of his employment

without progressive discipline raises an issue of pretext for a jury to decide. However, the law is clear that an employer's discharge without progressive discipline is legally insufficient to avoid summary judgment.

The remaining portion of Mr. Korecki's response is his claim that he did not view pornography to the extent that it appears on the Hospital's computers that he controlled.[1]  He repeatedly argues that no one as skilled in computers as he would leave a pornographic computer trail, even though it is undisputed that he did leave at least the record of pornographic purchases and viewing that he admitted under oath in his deposition.

The factual argument concerning the degree to which Mr. Kornecki viewed and purchased pornography is simply immaterial and, therefore, insufficient to defeat summary judgment.

I. <u>MR. KORNECKI CANNOT AVOID SUMMARY JUDGMENT BY ARGUING THAT THE HOSPITAL'S DECISION TO FIRE HIM WITHOUT PROGRESSIVE DISCIPLINE WAS IMPROPER.</u>

Temple's decision to fire Mr. Kornicki without progressive discipline     for     his     gross     misuse     of     Temple's

---

[1] Mr. Kornecki's admitted purchases of pornography evidence a prurient interest in anal (including violent anal) sex. The Hospital believes that a jury will have no problem disbelieving his contention that, contrary to his own *modus operandi*, he did not view the voluminous pornographic images involving anal sex that appear on his computer. However, for purposes of this summary judgment motion, Mr. Kornecki is entitled to the presumption that his testimony was true and that he viewed and purchased only that pornography to which he admitted in his deposition.

computers when he was being paid to work was entirely proper and is not evidence of pretext.

The Third Circuit has held that "an employer's decision that an incident is serious enough to warrant termination rather than a less severe punishment does not show that the reason for termination is pretextual." Martin v. Health Care & Ret. Corp., 67 Fed. Appx. 109, 113 (3d Cir. 2003) (citing Fuentes v. Perskie, 32 F. 3 758, 765 (3d Cir. 1994) and noting that an imprudent decision does not show pretext); EEOC v. Rite Aid, WL 3434779 at *5 (D. Del. 2005).

Similarly, where an employer's policies make the use of progressive discipline discretionary, as is true in this case, the court cannot infer pretext from a termination without progressive discipline. See e.g., Richmond v. ONEOK, Inc., 120 F. 3d 205, 210 (10th Cir. 1997); see also Cavicchia v. Phila. Housing Authority, 137 Fed. Appx. 494, 497 (3d Cir. 2005); Sarko v. Henderson, WL 2440202 at 4 (E.D. Pa. 2004) (holding no progressive discipline required where employer's policy did not mandate it and violation was serious sexual harassment).

Finally, in upholding a termination without progressive discipline, the First Circuit has held that when an employer's "policy provides for immediate termination on account of serious misconduct . . . [the employer's] decision to discharge [the employee] was within the bounds of [the employer's] disciplinary

3

policy and raises no inference of pretext." <u>Colburn v. Pasker Hannifin/Nichols Portland Division</u>, 429 F. 3d 325, 337 (1st Cir. 2005).

In this case, Mr. Kornecki can point to no instance in which the Hospital was aware of any employee who was accessing or purchasing pornography during working hours who was not fired without progressive discipline. It is undisputed that Mr. Kornecki willfully and repeatedly downloaded and purchased pornography on Temple computers, during his work time. Not only was Mr. Kornecki's violation of Temple policies intentional, he admits that he saw nothing wrong with it. Exhibit 1, p. 161. Finally, based on the extreme amount of pornography he viewed (by his own admission at least 30 different occasions (Exhibit 1, pp. 162-163, 165), his interest in pornography was hardly a passing fancy.

Temple work rules do not require progressive discipline. They provide that "there are some violations that are so serious as to warrant termination for the first violation." Exhibit 16, TEMPLE 0337. The punishment is to be premised on "the seriousness of the offense and the history of the individual." <u>Id.</u> The issue is not whether the Hospital was "wise, shrewd, prudent, or competent" in its decision, but rather whether plaintiff can produce factual evidence that the Hospital's

explanation was a lie. <u>Fuentes v. Perskie</u>, 32 F. 3 758, 765 (3d Cir. 1994).

II. <u>MR. KORNECKI'S DISAGREEMENT ABOUT THE EXTENT OF HIS INAPPROPRIATE CONDUCT IS SIMPLY IMMATERIAL IN LIGHT OF HIS ADMITTED OUTRAGEOUS CONDUCT.</u>

In order for a factual dispute to defeat summary judgment, it must be genuine and it must be material. <u>See</u> F.R.C.P. 56. In this case, Mr. Kornecki's contention that he did not download pornography to the extent that the Hospital believes he did, does not raise a factual question as to whether the Hospital lied in articulating its legitimate reason for Mr. Kornecki's discharge.

In <u>Kautz v. Met-Pro Corporation</u>, 412 F.3d 463 (3d Cir. 2005), the Third Circuit affirmed summary judgment in an age discrimination case. In that case, the employer claimed it transferred the 64 year old plaintiff, who was the oldest sales person in the division, from Texas to Pennsylvania in order to require him to be near a factory. It required no other sales person to transfer. Then, shortly after the plaintiff moved to Pennsylvania, the employer fired the 64 year old in a one person layoff and asserted a number of statistical justifications for choosing the eldest salesperson for layoff over the younger sales people. The plaintiff contended that the transfer was a sham to get the plaintiff to quit and when the plaintiff accepted the transfer, it relied on illogical and

5

incomprehensible statistics to justify laying the plaintiff off instead of the younger employees.

The Third Circuit found that the plaintiff in <u>Kautz</u> produced evidence of a genuine factual dispute concerning one of the employer's claimed statistical justifications, but held that a factual issue as to the credibility of one reason among a number given by the employer was not sufficient to defeat summary judgment:

> In summary, the only proffered nondiscriminatory reason offered by Met-Pro which Kautz has succeeded in materially disputing is the sales by region statistic because of DeHont's admission that the RSMs "didn't have control over these numbers."
>
> Our Court has held that the plaintiff must demonstrate that *each* of the employer's proffered nondiscriminatory reasons are pretextual. <u>Fuentes</u>, 32 F.3d at 764. We have also said that this can be done by showing that some of the employers proffered reasons are a pretext in such a way that the employer's credibility is seriously undermined, therefore throwing all the proffered reasons into doubt. <u>Id.</u> at 764 n.7. We conclude that an issue of fact as to the genuineness of one of the two statistical methods used by Met-Pro to narrow the field, when the other method is not suspect, does not create such an issue concerning Met-Pro's credibility as to cast all its proffered reasons into doubt.

<u>Kautz v. Met-Pro Corporation</u>, 412 F.3d at 476.

In light of the Third Circuit's affirmance of the grant of summary judgment in the <u>Kautz</u> case for lack of a genuine issue of material fact, Mr. Kornecki cannot possibly have raised a genuine issue of material fact concerning the Hospital's

6

articulated reason for firing Mr. Kornecki in this case. Compare the dissent of Judge Sloviter in Kautz v. Met-Pro Corporation, 412 F.3d at 476-477, which explains some of the evidence produced by the Kautz plaintiff questioning the logic and legitimacy of the statistics on which the employer claimed it relied, with Mr. Kornecki's response to the Hospital's motion for summary judgment in this case. See also Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1109 (3d Cir. 1997) (en banc) ("The question is not whether the employer made the best or even a sound business decision; it is whether the real reason is discrimination."); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1216 (3d Cir. 1988) ("[O]ur inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee."); Logue v. Int'l Rehab. Assocs., Inc., 837 F.2d 150, 155 n. 5 (3d Cir. 1997) ("[O]ur task is not to assess the overall fairness of [the] ... employer's actions.").

III. CONCLUSION

For the above reasons and for the reasons set forth in the Hospital's motion for summary judgment, the Hospital respectfully requests that this Court grant summary judgment in its favor and against plaintiff.

Respectfully submitted,

/s/ Neil J. Hamburg [NH 1402]
Neil J. Hamburg

Attorney I.D. No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Attorneys for Defendant
Temple University Hospital