```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 02-CV-3708 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this     day of                    , 2006, upon consideration of defendant's Motion in Limine to preclude evidence of or argument regarding the determination of the referee of the Department of Labor and Industry awarding plaintiff Unemployment Compensation benefits, and plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and plaintiff is PRECLUDED from attempting to introduce evidence of that determination.

BY THE COURT:

_____
NORMA L. SHAPIRO, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 02-CV-3708 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE**
**OF THE UNEMPLOYMENT COMPENSATION DETERMINATION**

For the reasons set forth in the accompanying memorandum of law, defendant Temple University Hospital ("Temple" or the "Hospital"), whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, hereby moves for an order precluding any evidence or argument regarding the determination of the Pennsylvania Department of Labor and Industry granting plaintiff Unemployment Compensation Benefits.

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Attorney No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Counsel for Defendant
Temple University Hospital

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 02-CV-3708 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE
DETERMINATION OF THE DEPARTMENT OF LABOR AND INDUSTRY GRANTING
<u>PLAINTIFF UNEMPLOYMENT COMPENSATION BENEFITS</u>**

Defendant Temple University Hospital ("Temple" or the "Hospital"), whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, submits this memorandum of law in support of its motion in limine to preclude evidence or argument regarding the determination of a referee of the Department of Labor and Industry granting plaintiff Unemployment Compensation benefits.

After Temple terminated plaintiff's employment for viewing and accessing pornography on Temple's computers during work hours, plaintiff applied for Unemployment Compensation benefits. Temple contested that application, contending that plaintiff's conduct constituted willful misconduct. On or about May 3, 2002, an unemployment compensation representative of the

Pennsylvania Department of Labor and Industry, made a determination that plaintiff's conduct did not constitute willful misconduct and, consistent with Pennsylvania public policy that favors the granting of Unemployment Compensation benefits, granted plaintiff benefits. A copy of the determination at issue in this motion is attached as Exhibit 1.

Because plaintiff listed this determination in his exhibit list in his pretrial memorandum, plaintiff can be expected to argue to the jury that this determination is evidence that Temple's reason for terminating his employment is pretextual. While plaintiff has every right to introduce any underlying admissible evidence that he used to obtain this decision by the referee, the decision itself has no probative value as a matter of law and would be unduly prejudicial if plaintiff were permitted to introduce it into evidence.

### A DETERMINATION TO AWARD UNEMPLOYMENT COMPENSATION BENEFITS HAS NO EVIDENTIARY VALUE

As a matter of law, a determination that a plaintiff has not committed willful misconduct in an Unemployment Compensation proceeding has no collateral estoppel or res judicata effect in federal civil rights litigation. See Swineford v. Snyder County Penn., 15 F.3d 1258 (3d Cir. 1994) (unemployment compensation hearing findings not preclusive in §1983 action); Kelley v. TYK Refractories Co., 860 F. 2d 1188 (3d Cir. 1988) (factual findings of unemployment compensation

2

hearing are not preclusive in a §1981 suit); <u>Tukesbry v. Midwest Transit, Inc.</u>, 822 F. Supp. 1192 (W.D. Pa. 1993)(unemployment determination regarding willful misconduct is not preclusive in a later Veteran's Reemployment Rights Act case regarding just termination).

**ADMISSION OF THE REFEREE'S FINDINGS WILL USURP THE JURY'S FUNCTION AS FACT FINDER AND BE UNDULY PREJUDICIAL**

In this case, the inquiry by the Department of Labor and Industry was minimal, and the dollar value of the award of unemployment compensation benefits is *de minimus* in comparison with plaintiff's claims for damages in this case.  Mr. Kornecki simply filed an employment separation questionnaire stating that he did not violate Temple University Hospital rules because Temple could not prove he downloaded any of the pornography.[1] His employment separation questionnaire is attached as Exhibit 2.  Temple contested Mr. Kornecki's application in written form only and the unemployment compensation representative determined that they had not met Temple's burden of proof.  No appeal was filed.  As a result, this matter was not fully litigated on the merits, nor was the proper evidentiary burden in place (requiring Mr. Kornecki to prove he did not violate work rules).

As this Court can see, Exhibit 1 could easily persuade a jury that an inquiry and decision by a government agency, as

---

[1] A disingenuous argument in light of the fact that Mr. Kornecki admitted at his discharge hearing that he had shopped for pornographic DVD's on his computer during work hours.

superficial as it was in this case, would relieve it of its obligation to make credibility and factual determinations essential to this case; namely, to determine whether Temple's articulated reasons for terminating plaintiff's employment were pretextual and a cover-up for a desire to punish plaintiff for requesting and receiving leave under the FMLA.

F.R.Evid. §403 provides that relevant evidence may be excluded where "…its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"

Plaintiff has alleged that Temple has violated the Family Medical Leave Act and must prove that Temple did not discharge him for accessing and purchasing pornography on Temple computers during working hours was not only false, but was also motivated by discriminatory animus. See Fuentes v. Perskie, 32 F. 3 758, 765 (3d Cir. 1994). The decision whether plaintiff committed willful misconduct under the Unemployment Compensation laws is simply different from the question whether Temple's decision was motivated by discriminatory animus caused by plaintiff's applying for and receiving FMLA leave. Thus, the jury in this case has a different legal and factual function than the Department of Labor and Industry had in deciding the question whether plaintiff is entitled to Unemployment Compensation benefits.

4

Because of the potential for undue prejudice and confusion that would result from the introduction of the referee's decision granting unemployment compensation benefits, evidence of that finding, including the Notice of Determination attached as Exhibit 1 and marked tentatively as Plaintiff's Exhibit 41 should be precluded under F.R.Evid. 403.

Respectfully submitted,

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Attorney No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
 (215) 255-8590
Counsel for Defendant
Temple University Hospital

5

<u>CERTIFICATE OF SERVICE</u>

I, Neil J. Hamburg, certify that the foregoing Motion In Limine to Preclude Evidence of the Determination of Eligibility of Unemployment Compensation Benefits, together with accompanying documents, has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy of the foregoing Motion In Limine to Preclude Evidence of the Determination of Eligibility of Unemployment Compensation Benefits, Memorandum of Law, and Proposed Order was served by regular mail, on May 8, 2006, upon the following:

>George Bochetto, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA 19102

>/s/ Neil J. Hamburg [NH 1402]
>Neil J. Hamburg