IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 02-CV-3708 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| Defendant. | : | |
| | : | |

**ORDER**

AND NOW, this    day of              , 2006, upon consideration of defendant's Motion in Limine to Preclude Evidence of Plaintiff's Daughter's Leukemia Illness and Treatment and plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and plaintiff is PRECLUDED from attempting to introduce evidence of Jennifer Kornecki's illness and treatment and also may not call Jennifer Kornecki as a witness.

BY THE COURT:

_____
NORMA L. SHAPIRO, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
| Plaintiff, | : | |
| | : | No.: 02-CV-3708 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF PLAINTIFF'S DAUGHTER'S LEUKEMIA ILLNESS AND TREATMENT**

For the reasons set forth in the accompanying memorandum of law, defendant Temple University Hospital, whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, and hereby moves for an order precluding any evidence or argument concerning Ms. Kornecki's (now age 8) leukemia illness and treatment.

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Identification No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(215) 255-8590

Counsel for Defendant
Temple University Hospital

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


_____
                                  :
LESLAW J. KORNECKI,               :    Civil Action
          Plaintiff,              :
                                  :    No.: 02-CV-3708
          v.                      :
                                  :
TEMPLE UNIVERSITY HOSPITAL,       :
          Defendant.              :
                                  :
_____
```

### MEMORANDUM OF LAW OF DEFENDANT TEMPLE UNIVERSITY HOSPITAL IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S DAUGHTER'S LEUKEMIA ILLNESS AND TREATMENT

Defendant Temple University Hospital ("Temple" or the "Hospital"), whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, submits this memorandum of law in support of its motion in limine to preclude evidence or argument regarding plaintiff's daughter's leukemia illness and treatment.

Temple is filing this motion because plaintiff listed Jennifer Kornecki as a witness in his pre-trial memorandum in this case. Ms. Kornecki is plaintiff's eight (8) year old daughter. She suffers from leukemia and plaintiff took and was granted FMLA leave in order to assist her during her treatment for this illness. Because Temple does not dispute in any manner that plaintiff properly requested and received FMLA leave for

this reason, the exact nature of Ms. Kornecki's illness and treatment are simply irrelevant to any issue in this case.

Temple will be irreparably prejudiced if plaintiff's counsel attempts to inflame the jury with painful, but irrelevant, memories of Ms. Kornecki's childhood bout with leukemia and its treatment. Since Temple does not contest that Ms. Kornecki did indeed suffer from leukemia and that Mr. Kornecki's request for FMLA leave to care for her during her illness and treatment was entirely proper and appropriate, there is simply no need for any witness to testify to these unpleasant and inflammatory facts. While it is perfectly understandable why a seasoned trial lawyer like Mr. Bochetto would desire to engender sympathy for his client with the jury, such evidence is simply irrelevant to the claims in this case and will unduly prejudice Temple. Moreover, since Ms. Kornecki was **two (2)** years old at the time of this matter, there is little if anything she could add to the presentation of evidence of this case.

F.R.Evid. 401 provides that evidence is relevant if it has " any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.Evid. 403, provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of

unfair prejudice, . . . misleading the jury, or be considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence is cumulative when it adds very little to the probative force of the other evidence in the case. See US v. Kizeart, 102 F. 3d 320 (7th Cir. 1996).

In this case, Ms. Kornecki's testimony, or any testimony about her horrible and unfortunate illness or its treatment has no bearing on any matter in dispute in this case. It is undisputed that Ms. Kornecki was sick with leukemia and for that reason, Temple granted Mr. Kornecki FMLA leave. Any evidence on this issue has no probative value and would be cumulative. See Maldonado v. Olander, 108 Fed. Appx. 708, 712 (3d Cir. 2004) (holding that a report was properly excluded where the content was already in evidence and was cumulative).

A description of Ms. Kornecki's illness or treatment would only serve to inflame the jury to attempt to obtain sympathy for plaintiff. Accordingly, it should be excluded under F.R.Evid. 403(b), since its potentially prejudicial effect exceeds any possible probative value of such evidence. Since Ms. Kornecki is not an employee of Temple University Hospital and Mr. Kornecki has no claim for any type of emotional distress damages, there is no possible relevant evidence to which Ms.

3

Kornecki could competently testify, she should also be precluded as a witness in this case.

## CONCLUSION

For the foregoing reasons, defendant Temple University Hospital requests that plaintiff be precluded from introducing evidence or argument about Jennifer Kornecki's unfortunate illness and treatment and that she be precluded from testifying as a witness in this case.

Respectfully submitted,

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Identification No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Counsel for Defendant
Temple University Hospital

4

CERTIFICATE OF SERVICE

I, Neil J. Hamburg, certify that the foregoing Motion In Limine to Preclude Evidence of Plaintiff's Daughter's Illness and Treatment and to preclude Jennifer Kornecki's testimony, together with all accompanying documents, has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy of the foregoing was served by regular mail, on May 8, 2006, upon the following:

> George Bochetto, Esquire
> Bochetto & Lentz, P.C.
> 1524 Locust Street
> Philadelphia, PA 19102

/s/ Neil J. Hamburg
Neil J. Hamburg