```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LESLAW J. KORNECKI, | : | Civil Action |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 02-CV-3708 |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
|     Defendant. | : | |
| | : | |

## **ORDER**

AND NOW, this    day of           , 2006, upon consideration of plaintiff's motion in limine to preclude evidence of, or argument relating to, pornography and the response of defendant Temple University Hospital thereto, it is hereby ORDERED that the Motion is DENIED.

                                          BY THE COURT:

                                          _____
                                          NORMA L. SHAPIRO, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI,<br>    Plaintiff,<br><br>    v.<br><br>TEMPLE UNIVERSITY HOSPITAL,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br><br>No. 02-CV-3708 |

**DEFENDANT TEMPLE UNIVERSITY HOSPITAL'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
<u>TO PRECLUDE EVIDENCE OF OR ARGUMENT ABOUT PORNOGRAPHY</u>**

Defendant Temple University Hospital (the "Hospital" or "Temple") opposes plaintiff's motion in limine, which attempts to preclude evidence of or argument about the pornography that plaintiff viewed and purchased during working hours on his Temple computers for which he was fired. Plaintiff's argument that this patently relevant evidence is unduly prejudicial is akin to a murder defendant requesting that a prosecutor be prohibited from introducing into evidence the murder weapon or evidence that the defendant's fingerprints are on it because that evidence is too prejudicial. In short, each category of evidence plaintiff seeks to exclude is relevant for the following reasons:

(1) Documents "Temple 0213 – 229" and "Temple 0442 – 460" are images from Kornecki's Gateway laptop computer,

saved on dates it was in his possession, including on the date that he admits ordering pornographic DVD's;

(2) Documents "Temple 0230 - 143" and "Temple 0409 — 441" are images from Kornecki's Sony laptop computer, which he admits was exclusively in his control;

(3) Documents "Temple 0124 — 157" are pornographic newsgroup titles from an Outlook Express profile entitled "Les Kornecki;"

(4) Documents "Temple 0124 — 57; 282 — 314; 474 — 516; 517 — 533; 554 — 579; 580 — 605; 606 - 639" are internet web page logs showing repeated access to pornographic websites including the one identified by Mr. Kornecki as the website from which he admitted purchasing pornography at least once, and in truth, numerous other times.  Moreover, the web logs include the date of Mr. Kornecki's admitted pornography use; and

(5) Documents "Temple 0185 — 68; 247 — 266; 267 — 281" are lists of image file names saved to Mr. Kornecki's Gateway laptop while it was in his possession.

For the above reasons and those set forth below, evidence of plaintiff's viewing and purchase of pornography is relevant to, among other things, the Hospital's claim that his conduct is so offensive that it justified termination without progressive discipline, to plaintiff's

2

credibility, and to the overriding question of whether the Hospital's articulation of its reason for firing Mr. Kornecki is pretextual or true. Rejecting such probative and relevant evidence would severely interfere with the Hospital's right and ability to prove its case by precluding evidence upon which it based its decision to discharge Mr. Kornecki without progressive discipline.

## I. Facts

This case stems from the Hospital's discharge of Mr. Kornecki on March 4, 2002, after an investigation revealed that plaintiff bought pornographic movies and accessed, viewed, and downloaded pornography to Temple computers during his employment. This misconduct qualified as "misuse of Temple property" [computers] and "conduct unbecoming a Temple employee," which are explicit grounds for discharge under Temple University Hospital's personnel policies.

Plaintiff, on the other hand, contends that his termination was in retaliation for his requesting and being granted Family Medical Leave and, thus, violates the FMLA.

Although plaintiff admits some pornography-related conduct, he denies that he accessed, viewed and downloaded

all of the pornography that is apparent on his computers.[1] Moreover, he admits to purchasing only some of the pornographic movies for which purchase confirmations appeared in <u>his</u> Temple e-mail files, indicating charges to <u>his</u> credit card and shipment to <u>his</u> mother's address (where the ones he admits purchasing were also shipped). He then argues that the "limited" involvement in pornography to which he admits would not justify a termination under Temple's policies and that, therefore, Temple's decision must have been motivated by his FMLA leave.

For him to argue now that Temple cannot prove the extent of his misconduct or impeach his credibility with evidence of his prurient interest in pornography, specifically pornography involving anal sex, is disingenuous at best and simply contrary to law.

## II. The evidence that plaintiff seeks to exclude is clearly relevant under F.R.Evid. 401.

Plaintiff's assertion that the evidence dealing with his pornographic computer usage is irrelevant is ludicrous.

---

[1] There are three (3) different computers relevant for the purposes of this motion -- a Gateway laptop, which Plaintiff returned in the late Fall of 2001, the Sony laptop that replaced it, and his desktop computer. The initial discovery of pornographic material was on the Gateway and was made by the young female to whom Temple re-issued it. Similar evidence of hardcore pornography was found on all three computers. Interestingly, plaintiff admits he was the exclusive use of the Sony laptop.

4

The question of relevance is not an abstract legal concept to be examined or applied in a vacuum. It has purpose and application only when related to specific facts in specific cases. Here, the pornography at issue is being offered to meet the Hospital's burden to articulate a legitimate, non-discriminatory reason for plaintiff's discharge and it is in that context that this evidence of plaintiff's pornography use must be considered.

In his response to the Hospital's motion for summary judgment, plaintiff argues that the level of misconduct to which he admits does not support a termination without progressive discipline. He contends that other pornographic materials found on his computers, which are remarkably similar in nature and taste, were downloaded or ordered by others and, therefore, the Hospital is barred from proving and arguing that he is lying and that he in fact downloaded all of the offensive pornography on his computers.

As this Court knows, the Hospital has the burden of articulating its good faith reasons for firing Mr. Kornecki. Since the Hospital is contending that it fired Mr. Kornecki, without progressive discipline, for his extreme and abusive pornography consumption on Temple computers, it is essential that the Hospital be able to

5

prove the nature and extent of that use. There is no question that this evidence is relevant under Rule 401.

As the Third Circuit has made clear:

> Under Fed.R.Evid 401, evidence is relevant if it has '**any tendency** to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'. . . Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant." [citing 22 Wright & Graham, <u>Federal Practice and Procedure: Evidence §</u> <u>5166</u> at 74, n.47 and <u>Blancha v. Raymark</u> <u>Industries</u>, 972 F.2d 507, 514 (3d Cir. 1992)]

<u>Spain v Gallegos</u>, 26 F.3d 439 (3d Cir. 1994) (emphasis added). <u>See</u> <u>also</u> <u>Hurley v. Atlantic City Police</u> <u>Department</u>, 174 F.3d 95, 109-110 (3d Cir. 1999) ("The requirement that evidence be relevant does not raise a high standard.")

In <u>Spain</u>, the defendant, the EEOC, sought to exclude evidence, offered by the plaintiff, that the Area Office Director, in violation of EEOC regulations, compelled the plaintiff to lend him money which resulted in numerous private meetings between the two, which, in turn, resulted in rumors in the office that the two were having an affair, which the plaintiff contended created a sexually hostile work environment. The EEOC conceded the relevance of the

6

meetings themselves; but argued that plaintiff's explanation of the reason for the meetings — highly improper conduct by the Area Director — was unduly prejudicial. In reversing the District Court's grant of the EEOC's motion in limine precluding this evidence, the Third Circuit said:

> [I]t is clear that evidence concerning the reasons for the private meetings between Nelson and Spain had a tendency to prove certain elements of Spain's claims, for the evidence demonstrated why Nelson would have wanted private meetings, as the EEOC regulations prohibited him from borrowing money from subordinates. More importantly, if a jury knew the reasons for the meetings, it would gain insight into the credibility of Spain's contention that Nelson did not take any steps to stop the rumors or initiate any other remedial actions after learning about the rumors, for remedial action might have required him to explain his conduct.

Spain v Gallegos, 26 F.3d at 452-453.

Here, the evidence of the overwhelming number of searches made, sites visited and downloads present on all three of plaintiff's computers, and the similar, "hardcore" nature of the material, particularly those images concentrating on anal sex, clearly "has a tendency" to support defendant's belief that plaintiff's use of Temple equipment for pornographic purposes was more than a passing fancy and rose to a level justifying discharge, without progressive discipline.

Plaintiff chooses to ignore that it is defendant's "reasonable belief" (as opposed to some concept of absolute truth) that is at the heart of its burden to articulate a legitimate, non-discriminatory reason for its action. See Lyles v. Philadelphia Gas Works, 151 Fed. Appx. 169, 171 (3rd Cir. 2005) ("The relevant question is not whether PGW was wrong or mistaken in its decision . . . it is whether Lyle's age was more likely than not the underlying reason for the suspension.")  Temple's understanding and reasonable assessment of the materials on plaintiff's computers is relevant to fulfilling its burden to state a non-discriminatory reason for discharging plaintiff.

Regardless of the technical legal burden described in Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994), justice dictates that Temple be permitted to prove the basis for its good faith decision.  If Temple fails to convince the jury that it fired Mr. Kornecki for his pornography use, the jury would be permitted to assume that the motivation was discriminatory and illegal. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993).  Therefore, the evidence that plaintiff seeks to exclude goes to the absolute heart of the Hospital's case.

In meeting its burden, the Hospital intends to demonstrate, among other things, that, whether mistaken or

8

not, it was reasonable for Temple to believe that plaintiff's on-going course of conduct involved using Temple time and equipment to view and amass graphic pornography in direct contravention of the Temple computer policies that he was charged with enforcing.

The record of repeated visits to grossly pornographic websites, continued addition of pornographic newsgroups, downloads of pornographic images, the receipts for purchases of vile material that were included in his Temple e-mail (reflecting charges to his credit cards and shipment to his mother's address), and the similar and graphic nature of the sites and type of material that he admitted to viewing reasonably appeared to Temple as plaintiff's on-going plan to improperly utilize work time and work computers, which could be considered conduct unbecoming a Temple employee.  Plaintiff's offense is aggravated further by the fact that plaintiff was a manager who, with others, was responsible for promulgating and enforcing Temple's computer policies and procedures.  Temple is entitled to prove that plaintiff was the fox guarding the chicken coop.

The similarity of the material and the fact that it was found on all 3 computers, including one to which plaintiff admitted having exclusive access, thereby corroborating Temple's belief that plaintiff's on-going

9

course of conduct was a misuse of its resources and unbecoming one of its employees. Moreover, this evidence casts doubt on plaintiff's credibility, since he has testified under oath that he used Temple's computers to access or purchase pornography no more than 30 times and supports Temple's belief that he lied to it during and after its investigation into the matter.

In discussing the admissibility of *modus operandi* evidence, Wright and Graham says: "The justification for admitting evidence of other crimes to prove a plan is that this involves no inference as to the defendant's character; instead, his conduct is said to be caused by his conscious commitment to a course of conduct of which the charged crime is only a part." 22 Wright and Graham, <u>Federal Practice and Procedure</u>, § 5244, at 499-500 (West 1978). This, in a civil context, is precisely the situation before the Court. The evidence at issue must be admitted to demonstrate that Temple's belief in an on-going overall course of conduct, of which plaintiff's admitted purchases of pornography were merely a small part, was reasonable.

David Chamberlain's inability to state with absolute certainty that 100% of the pornographic material found on plaintiff's computers was generated by plaintiff does not alter what Chamberlain reported to his superiors about the

10

conduct in which plaintiff engaged with Temple's equipment, the amount of time that plaintiff effectively stole from his public employer during these pursuits, or the conclusion that Temple drew from Chamberlain's report. The evidence plaintiff would have the Court preclude corroborates that report and will corroborate Mr. Chamberlain's testimony at trial and, thus, adds support to Temple's articulated non-discriminatory reason for plaintiff's termination.

Clearly the evidence from his computers is relevant to whether the conclusion that Temple made that forms the stated basis for its decision to terminate plaintiff's employment was reasonable and truthful.

### III. The balancing required by Fed.R.Evid. 403 compels the denial of plaintiff's motion.

Plaintiff next argues that, even if relevant, the evidence should be excluded as unduly prejudicial under Rule 403.

Rule 403 provides that evidence *may* be excluded "if its probative value is <u>substantially outweighed</u> by the danger of <u>unfair</u> prejudice." (emphasis added.)

The Third Circuit explained in <u>Spain v. Gallagos</u>:

> Evidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative. <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1117 (11th Cir. 1990).

11

<u>The balance under the rule should be struck in favor of admissibility.</u> Id.; <u>Dennis</u>, 625 F.2d at 797 (8th Cir. 1980). Finally, we note that in determining the probative value of evidence under Rule 403, 'we must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case.' <u>United States v. Herman</u>, 589 F.2d 1191, 1198 (3d Cir. 1978), <u>cert. denied</u>, 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979). <u>Blancha</u>, 972 F.2d at 516. The EEOC argues that the district court properly excluded evidence of the loans under Rule 403 because evidence of Nelson's questionable conduct would be highly likely to distract the jury from focusing on the claim of sexual harassment and would cause the factfinder to be inclined to find a Title VII violation out of a desire to punish the supervisor for his unethical conduct. Appellee's br. at 16-17.

We conclude, however, that the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice." We already have discussed the relevance of the evidence to an understanding of why Spain's co-workers continued to see her privately with Nelson even after she and Nelson knew of the rumors and to an understanding of why Nelson did not take steps to stop the rumors. Indeed, Nelson admits that loans were made on the dates for which Spain has canceled checks, although he denies that he solicited them and offers an alternative explanation. . . . Thus, the dispute concerns not whether they were loans, but rather the motivation for them and their frequency.

The EEOC contends, in essence, that the evidence would make the jury more likely to turn a breach of ethics into a finding of sexual harassment. "Yet, '<u>[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence</u>." <u>Petruzzi's IGA Supermarkets</u>, 998 F.2d at 1241 (quoting <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 113 S.Ct.

12

> 2786, 2798 (1993)). Given our cautious approach to Rule 403 exclusions at the pretrial stage, see Petruzzi's IGA Supermarkets, 998 F.2d at 1240; In Re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859-60 (3d Cir. 1990), cert. denied, 499 U.S. 961, 111 S.Ct. 1584 (1991), we hold that the district court abused its discretion in excluding the evidence under Rule 403.

Spain v Gallegos, 26 F.3d at 453 (emphasis added).[2]

Further explication of the Third Circuit law on Rule 403 can be found in Coleman v Home Depot, 306 F.3d 1333 (3d Cir. 2002). In that case, Home Depot sought to exclude the EEOC's Letter of Determination in another discrimination case. In discussing Rule 403, the court said:

> [E]vidence may be excluded if its probative value is not worth the problems that its admission may cause. . . . . However, there is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be "substantially outweighed" by the problems in admitting it. As a result, evidence that is highly probative is exceptionally difficult to exclude. See, e.g.,

---

[2] The cases in the Second Circuit cited by plaintiff in his motion in limine are easily distinguished. In United States v. Nosov, 221 F. Supp.2d 445 (S.D. NY 2002), the evidence was offered to impeach the credibility of a non-party, corroborating witness. Finding that the defendant had other, effective means of attacking the witness' credibility and that the pornographic films had little bearing on his credibility, the court held that the inflammatory nature of the material substantially outweighed its usefulness. This is hardly comparable to the current situation where the evidence is critical to Temple's defense, the only available means of meeting its burden of proof and necessary to overcome plaintiff's assertion that his involvement in pornography while at work at Temple was minimal.

Plaintiff's reliance on United States v. Borello, 766 F.2d 46 (2d Cir. 1985) is even less appropriate because there "the list and brochures [in the Borello case] have no probative value." Borello, 766 F.2d at 59.

> United States v. Krenzelok, 874 F.2d 480, 482 (7th Cir. 1989) ("Its probative value was . .. great. Its prejudicial effect may well have been great too. . . [W]hen the trial judge is in doubt, Rule 403 requires admission.")

Coleman v. Home Depot, 306 F.3d at 1343-1344 (emphasis added). Similarly, in Cox v Prime Financial Mortgage Corporation, 2006 WL 1049948, *3 (N.D. Ill. 2006), the district court stated:

> Defendants argue they would be unfairly prejudiced by evidence suggesting Prime Financial violated immigration laws. But, prejudicial effects may be remedied by an appropriate cautionary instruction to the jury. . . . Because the case centers on Prime Financial's hiring practices, exclusion of evidence on this subject is unwarranted.
>
> In Spain v Gallegos, the Third Circuit further explained:
>
> It is worth stressing that the term "unfair prejudice" as a factor against which the probative value of evidence is weighed under Rule 403 is often misstated as mere prejudice. Indeed, any evidence that tends to harm a party's case could be said to be prejudicial. Thus, the prejudicial effect of admitting the evidence must rise to the level of creating an unfair advantage for one of the parties for the evidence to be excluded under Rule 403.

Spain v Gallegos, 26 F.3d at 1343 fn.6 (emphasis added).

In Noble v. Sheahan, 116 F.Supp.2d 966 (N.D. Ill. 2000), the court faced a situation very similar to the one presented here. Plaintiff brought a race discrimination action. After the plaintiff obtained an order barring the

14

employer's proffered expert testimony, plaintiff filed a motion in limine to preclude any testimony by the decision-maker as to what he had been told by the forensic scientist who analyzed the handwriting, which was allegedly proof of the plaintiff's wrongdoing. The plaintiff argued that this effectively placed the excluded testimony before the jury.

The Court denied the motion saying:

> However, <u>a motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose. Plair v. E. J. Brach & Sons, Inc.</u>, 864 F. Supp. 67, 69 (N.D. Ill. 1994).
>
> * * *
>
> Defendant properly pointed out that they bear the burden of articulating a legitimate, nondiscriminatory reason for their employment actions relating to Plaintiff, and that Swaine's testimony is highly probative in this regard. Defendants argue that it would be highly prejudicial to them to prohibit Swaine from testifying about his reliance on Skinner's report and opinions because this information formed the basis for Swaine's employment decisions with respect to Plaintiff. Because Plaintiff has not articulated sufficient prejudice to demonstrate that the probative value of this evidence is substantially outweighed by prejudice, we will not exclude this evidence. . . .

116 F.Supp. at 970 (emphasis added).

The same is true here. The evidence at issue, as to the amount, the extreme nature of the material and its occurrence on three computers to which plaintiff had access

15

(including one in his exclusive control) is a significant part of the basis for Temple's discharge of plaintiff.

The Third Circuit clearly recognizes the high degree of relevancy that must be accorded evidence supporting a defendant's asserted reason for a plaintiff's termination given the law as enunciated in <u>St. Mary's Honor Center. v. Hicks</u>, <u>supra</u>.  Here, all the evidence is relevant to show that Kornecki lied about the extent of his pornography use, that his particular pornography use was in violation of Temple policies, and that the extent of it warranted immediate termination rather than progressive discipline. Only by demonstrating the full scope of plaintiff's activities, the similarities of the disavowed conduct to the admitted conduct and the appearance on all his computers of similar pornographic materials to it appearance on the computer over which he admits he had exclusive control, can Temple place its termination decision in proper context.  Since it is Temple's good faith belief in its articulated, non-discriminatory reason for termination that is at issue, the Rule 403 balance must be resolved by a finding that the probative value of the evidence substantially outweighs any possible prejudicial impact of the pornography.

16

**IV. Conclusion.**

For each of the foregoing reasons, defendant Temple University Hospital respectfully requests that the Court deny plaintiff's motion in limine.

                              Respectively submitted,

                              _____
                              Neil J. Hamburg

                              I.D. No. 32175
                              HAMBURG & GOLDEN, P.C.
                              1601 Market Street, Suite 3310
                              Philadelphia, PA  19103-1443
                              215-255-8590

                              Attorney for Defendant
                              Temple University Hospital

Dated:  May 11, 2006

CERTIFICATE OF SERVICE

I, Neil J. Hamburg, certify that the foregoing Response of Temple University Hospital To Plaintiff's Motion In Limine to Preclude Evidence Or Argument About Pornography, together with all accompanying papers, has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy of the foregoing has been served by regular mail upon the following:

> George Bochetto, Esquire
> Bochetto & Lentz, P.C.
> 1524 Locust Street
> Philadelphia, PA 19102

Dated: May 11, 2006                    /s/ Neil J. Hamburg
                                              Neil J. Hamburg