**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LESLAW J. KORNECKI

    v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**O R D E R**

AND NOW, this _____ day of _____, 2006,

upon consideration of Defendant's Motion in Limine to Preclude Evidence of Plaintiff's

Daughter's Leukemia Illness and Treatment, opposition thereto, and the record as a whole, it

hereby is ORDERED that the said motion is DENIED.

BY THE COURT:

_____
NORMA L. SHAPIRO, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LESLAW J. KORNECKI

     v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE LEUKEMIA AND LEUKEMIA-RELATED EVIDENCE**

NOW COMES plaintiff Leslaw J. Kornecki, by and through his undersigned counsel, Bochetto & Lentz, P.C., and, for the reasons stated in his within memorandum of law (incorporated herein), hereby opposes defendant's Temple University Hospital motion in limine to preclude plaintiff's introduction of evidence of plaintiff's daughter's leukemia illness and treatment at the trial of the above-captioned matter.

WHEREFORE, plaintiff respectfully requests this Honorable Court deny defendant's said motion, enter an Order of the substance submitted herewith, and grant plaintiff such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____

George Bochetto
Stephen E. Skovron
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fx:  (215) 735-2455

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LESLAW J. KORNECKI

     v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**MEMORANDUM OF LAW SUPPORTING**
**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE TO**
**PRECLUDE LEUKEMIA EVIDENCE**

**I.**        **ARGUMENT**

Temple seeks to preclude Kornecki from introducing evidence of his daughter Jennifer's illness, leukemia, and treatment, including chemotherapy, at the trial of the above-captioned matter, arguing it either is irrelevant or more prejudicial than probative.

Rather than being irrelevant, or more prejudicial than probative, however, that evidence is key to Kornecki's case, rendering it thoroughly relevant and less prejudicial than probative.

In September 2001, Kornecki's daughter Jennifer--then two years old--preliminarily was diagnosed with leukemia. To confirm that diagnosis, Jennifer underwent extensive testing during the following months. During that period, as well as being tested extensively, Jennifer was taken to the emergency room on each occasion she had a fever, as her treating physicians had advised Kornecki.

Thus, during the period spanning September, October, and November 2001, Kornecki missed a significant amount of work owing exclusively to his daughter's illness and treatment.

As importantly in this case, during that period, Kornecki communicated regularly and in detail with his boss, Marcia Redden, about his daughter's condition and the possible fallout therefrom. Among other topics the two discussed at length was the likely irregularity and unpredictability that would attend Jennifer's treatment (and, consequentially, Kornecki's absence

to care for her physically and psychologically), a subject with which Redden demonstrated some

familiarity because she had been a nurse for thirty-five years (as she testified in her May 26, 2004

deposition). The two discussed that topic at length because, in general, Kornecki intended to

communicate his need to care for Jennifer irregularly to his boss and, in particular, intended to

broach how his need to care for her irregularly might affect the department's agenda to bring a

new software package online by mid-2002. Indeed, from his daughter's hospital room during

that period (Sept.-Nov. 2001), Kornecki participated in telephone conferences with Redden and

others about that software package and issues associated with its implementation.

The sum and substance of the foregoing is that it underlay Kornecki's very theory

of the case: That Temple terminated him, in order to replace him, because he was granted FMLA

benefits that he had to consume irregularly owing to the nature of his daughter's illness and

treatment, which irregular absence during that period would interfere with maintaining and

upgrading the Operating Room's computer systems and software generally, and would derail, or

interfere with, Temple's implementation of the new software package in particular.

Indeed, in an FMLA case, ***the absence*** of an explanation about a family member's

illness and treatment and the caretaking role played therein by plaintiff will be fatal to plaintiff's

claim:

> There is no evidence in the record testimony about Fioto's
> interaction with his mother or her doctors. All the jury knew was
> that the plaintiff's mother was having brain surgery; that the
> doctors told Mr. Fioto that it was serious and that she might not
> make it through; that she was being prepped early in the morning;
> that Mr. Fioto did not see his mother after her surgery; and that the
> surgery went okay. The question is whether plaintiff provided
> enough information from which a reasonable jury could infer that
> the plaintiff was needed 'to care for' his mother.
>
> Sadly, I believe the answer to be no.
>
> . . . .

2

> In short, while it is entirely possible that plaintiff did some or all of the kinds of things that qualify as 'taking care of' his mother, it is equally possible that he did none of them.  In order to return a verdict in his favor, the jury necessarily engaged in speculation.

Fioto v. Manhattan Woods Golf Enterprises, LLC, 270 F. Supp. 2d 401, 404, 406 (S.D.N.Y. 2003), affirmed, 123 Fed. Appx. 26 (2d Cir. 2005).

Thus, the nature of Kornecki's daughter's illness and treatment and the caretaking role Korenecki played therein, and would play therein in the future,  is relevant pursuant to F.R.E. 401, and is less prejudicial than probative pursuant to F.R.E. 403.

## II.        CONCLUSION

WHEREFORE, plaintiff respectfully requests this Honorable Court deny defendant's said motion, enter an Order of the substance submitted herewith, and grant plaintiff such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto
Stephen E. Skovron
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fx:  (215) 735-2455

3

**CERTIFICATE OF SERVICE**

I certify I caused a true and complete copy of the within *Plaintiff's Opposition to Defendant's Motion in Limine to Preclude Leukemia and Leukemia-Related Evidence* to be served upon those listed below by postage prepaid regular mail deposited on May 12, 2006:

Neil J. Hamburg, Esquire
HAMBURG & GOLDEN, PC
1601 Market Street
Suite 565
Philadelphia, PA  19103

_____
Stephen E. Skovron, Esquire