IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLAW J. KORNECKI

    v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**O R D E R**

AND NOW, this _____ day of _____, 2006, upon consideration of Defendant's Motion in Limine to Preclude Evidence of Plaintiff's Unemployment Compensation, opposition thereto, including Plaintiff's Cross-Motion for Discovery Sanctions, and the record as a whole, it hereby is ORDERED that the defendant's said motion is DENIED.

AND IT FURTHER IS ORDERED that upon consideration of Plaintiff's Cross-Motion for Discovery Sanctions, opposition thereto, and the record as a whole, it hereby is ORDERED that the plaintiff's said cross-motion is GRANTED.

AND IT FURTHER IS ORDERED that the following are deemed Admitted by defendant for purposes of the above-captioned trial:

    After Temple University Hospital terminated Mr. Kornecki, Mr. Kornecki applied to the Commonwealth of Pennsylvania for unemployment compensation benefits.

    Temple University Hospital contested Mr. Kornecki's claim for unemployment compensation benefits on the grounds that he downloaded pornography onto, and visited pornographic websites with, computers issued to him by Temple University Hospital.

    As a result of Temple University Hospital contesting Mr. Kornecki's claim for unemployment compensation benefits, the Commonwealth of Pennsylvania, Department of Labor and Industry, held a hearing in which Mr. Kornecki and Temple University Hospital each took part.

    After that hearing, the Department of Labor and Industry

determined that Mr. Kornecki was entitled to unemployment compensation benefits because Temple University Hospital did not sustain its burden of proof.

Temple University Hospital did not appeal that determination.

BY THE COURT:

_____
NORMA L. SHAPIRO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLAW J. KORNECKI

v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**PLAINTIFF'S COMBINED
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE UNEMPLOYMENT COMPENSATION-RELATED EVIDENCE
and
CROSS-MOTION FOR DISCOVERY SANCTIONS**

NOW COMES plaintiff Leslaw J. Kornecki, by and through his undersigned counsel, Bochetto & Lentz, P.C., and, for the reasons stated in his within memorandum of law (incorporated herein), hereby opposes defendant's Temple University Hospital motion in limine to preclude plaintiff's introduction of evidence, at the trial hereof, regarding unemployment compensation benefits awarded to plaintiff following defendant's termination of plaintiff's employment, and cross-moves for discovery sanctions against Temple, as follows:

**Cross-Motion**

1. On May 4, 2004, Kornecki served, on Temple, Plaintiffs' Requests for Admission Directed to Defendant pursuant to Fed. R. Civ. P. 36.

2. On June 16, 2004, Temple responded to Kornecki's said Admission Requests. **Exhibit A** (Temple Responses to Kornecki Admission Requests).

3. Kornecki's said Admission Request no. 27, and Temple's response thereto, read:

> REQUEST: After having been terminated, Mr. Kornecki applied to the Commonwealth of Pennsylvania for unemployment compensation benefits.
>
> RESPONSE: Admitted.

**Exhibit A**, 16.

4. Kornecki's Admission Request no. 28, and Temple's response thereto, read:

REQUEST: Temple University Hospital contested Mr. Kornecki's claim for unemployment compensation benefits on the grounds that he downloaded pornography onto, and visited pornographic websites with, computers issued to him by the Hospital.

RESPONSE: Temple University Hospital objects to this request as being irrelevant, and without waiving and subject to this objection, states that after making a reasonable inquiry and being unable to find any information regarding Plaintiff's Unemployment Compensation, Temple University Hospital denies knowledge and information sufficient to form a belief as to the truth of each and every averment contained in the paragraph.

Id. at 16-17.

5. Kornecki's Admission Request no. 29, and Temple's response thereto, read:

REQUEST: As a result of Temple University Hospital contesting Mr. Kornecki's claim for unemployment compensation benefits, the Commonwealth of Pennsylvania, Department of Labor and Industry, held a hearing in which Mr. Kornecki and Temple University Hospital each took part.

RESPONSE: Temple University Hospital objects to this request as being irrelevant, and without waiving and subject to this objection, states that after making a reasonable inquiry and being unable to find any information regarding Plaintiff's

2

Unemployment Compensation, Temple University Hospital denies knowledge and information sufficient to form a belief as to the truth of each and every averment contained in the paragraph.

Id. at 17.

      6.    Kornecki's Admission Request no. 30, and Temple's response thereto, read:

      REQUEST: After that hearing, the Department of Labor and Industry determined that Mr. Kornecki was entitled to unemployment compensation benefits because Temple University Hospital did not sustain its burden of proof.

      RESPONSE: Denies each and every averment contained in this paragraph except admits only that the Department of Labor and Industry issued a Notice of Determination which stated that Temple University Hospital did not provide firsthand information showing that Plaintiff violated a rule and that Plaintiff was eligible for unemployment compensation benefits.

Id. at 17-18.

      7.    Kornecki's Admission Request no. 31, and Temple's response thereto, read:

      REQUEST: Temple University Hospital did not appeal that determination.

      RESPONSE: Temple University Hospital objects to this request as being irrelevant, and without waiving and subject to this objection, states that after making a reasonable inquiry and being unable to find any information regarding Plaintiff's Unemployment Compensation, Temple University Hospital denies

3

> knowledge and information sufficient to form a belief as to the
> truth of each and every averment contained in the paragraph.

Id. at 18.

    8.    Temple never amended, supplemented, or corrected any of its June 16, 2004 responses to any of those requests, including pursuant to Fed. R. Civ. P. 26.

    9.    Kornecki never learned that Temple's said responses were deficient or misleading in any material respect, until being served with Temple's May 6, 2006 motion in limine to preclude unemployment compensation evidence.

    10.    On May 6, 2006, in Defendant's Motion in Limine to Preclude Evidence of the Unemployment Compensation Determination, **Exhibit B** (UC In limine Motion), Temple writes:

> Temple contested [plaintiff's unemployment compensation]
> application, contending that plaintiff's conduct constituted willful
> misconduct.

Id. at 1, ¶ 2.  And elsewhere:

> On or about May 3, 2002, an unemployment compensation
> representative of the Pennsylvania Department of Labor and
> Industry, made a determination that plaintiff's conduct did not
> constitute willful misconduct . . . .

Id. at 1-2.  And elsewhere:

> In this case, the inquiry by the Department of Labor and
> Industry was minimal . . . .

Id. at 3, ¶ 2.  And elsewhere:

> Mr. Kornecki simply filed an employment separation questionnaire
> . . . .

Id.  And elsewhere:

> Temple contested Mr. Kornecki's application in written form only .
>
> . . .

<u>Id.</u>  And elsewhere:

> No appeal was filed.

<u>Id.</u>

WHEREFORE, plaintiff respectfully requests this Honorable Court deny defendant's said motion, grant plaintiff's said cross-motion, enter an Order of the substance submitted herewith, and grant plaintiff such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto
Stephen E. Skovron
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fx:  (215) 735-2455

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLAW J. KORNECKI

    v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**MEMORANDUM OF LAW SUPPORTING
PLAINTIFF'S COMBINED
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE UNEMPLOYMENT COMPENSATION-RELATED EVIDENCE
and
CROSS-MOTION FOR DISCOVERY SANCTIONS**

**I.    ARGUMENT**

    **A.    Relevancy & Prejudice / Probative Balance**

Temple cites no authority whatever to support its proposition that, in an FMLA case, an unemployment compensation decision made on plaintiff's post-termination application for unemployment compensation benefits is inadmissible. Defendant's Motion In limine to Preclude Evidence of the Unemployment Compensation Determination ("UC In limine Motion").

Temple cites no authority whatever to support its proposition that, in such a case, such evidence is not relevant. Id.

Temple cites no authority whatever to support its proposition that, in such a case, such evidence is more prejudicial than probative. Id.

Rather, Temple cites authority solely for the proposition that, in some employment cases brought pursuant federal statute, an unemployment compensation decision does not preclude relitigation, in federal court, of issues broached in rendering the decision. Id. at 2-3 (citing Swineford v. Snyder County Pennsylvania, 15 F.3d 1258 (3d Cir. 1994); Kelley v. TYK Refractories Co., 860 F.2d 1188 (3d Cir. 1988); Tukesbrey v. Midwest Transit, Inc., 822 F. Supp. 1192 (W.D. Pa. 1993)).

Accordingly, Temple does not support the relief it seeks with authority justifying same and, thereon, fails to discharge its burden to persuade this Court that the subject evidence is

not admissible, not relevant, or more prejudicial than probative.

On that basis alone, Temple's In limine motion with respect to the unemployment compensation determination or, by implication, any issue regarding that determination, should be denied.

Moreover, the subject unemployment compensation determination, including as documented by Pennsylvania, demonstrates, or tends to demonstrate, the following:

- o  in arguing his entitlement to unemployment compensation benefits, Kornecki stated that he did not download pornography, or visit pornographic websites, via Temple computers;
- o  Temple contested that application;
- o  Temple lost that contest;
- o  Temple lost that contest because the decision maker determined Temple had not sustained its burden to show Kornecki was not entitled to unemployment compensation benefits;
- o  Temple had an opportunity to appeal that determination, but did not.

In this case, the foregoing is relevant to demonstrate, or tend to demonstrate, the following:

- o  the facts that underlay Temple's position before this Court are the same as, or at the very least materially similar to, those that underlay its position before the Department of Labor and Industry, yet Temple lost the latter contest and did not appeal therefrom;
- o  Temple's failure or refusal to appeal therefrom is a deviation from Temple policy to contest an award of benefits to a former employee Temple believes does not deserve such benefits;
- o  in failing or refusing to appeal from that determination, Temple demonstrated it did not believe Kornecki did not deserve such benefits;

2

  o  in failing or refusing to appeal from that determination, Temple demonstrated it did not believe Kornecki committed the acts of which it accuses him (and that underlay its proffered explanation for terminating Kornecki).

  Accordingly, the subject evidence is relevant, and probative.  See, e.g., Doebele v. Sprint / United Mgt. Co., 342 F.3d 1117, 1138-39 (10th Cir. 2003) (weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in employer's proffered explanation could enable jury to find explanation incredible).  See also Massey v. United States Customs and Border Protection, No. Civ.A. 03-6590, 2004 WL 3019234, at *8 (E.D. Pa. Dec. 28, 2004); Royer v. Pennsylvania State Univ., 84 Fed. Appx. 226, 227 (3d Cir. 2004) (Per curiam; *Opinion marked "Not Precedential" pursuant to IOP*).

  On the other hand, of course, the subject evidence is prejudicial to Temple's position in this case.  But Temple accepted the risk that it someday would face that prejudice when it unilaterally elected to forgo appealing Kornecki's unemployment compensation benefits award.  Now Temple must live with that choice.  And in any event, Temple perfectly is able to argue to the jury--as it has to this Court--that it thought it would be too expensive to contest Kornecki's benefits award on appeal relative to the costs it would incur as a result of his being awarded those benefits.  Accordingly, the subject evidence is less prejudicial than probative.

  For the foregoing reasons, Temple's UC In limine Motion should be denied.

  **B.**  **Cross-Motion for Discovery Sanctions**

  Temple was duty-bound at all times to amend, supplement, or correct its June 16, 2004 responses to any of Kornecki's Admission Requests upon learning that any such response was, in some material respect, incomplete or incorrect, given that the additional or corrective information had not otherwise been made known to Kornecki.  Fed. R. Civ. P. 26(e)(2).  See also Victory Outreach Ctr. v. City of Phila., 233 F.R.D. 419, 420 n.1 (E.D. Pa. 2005) (quoting R. 26(e)(2)); In re Petition of McAllister Towing And Transportation Co., Inc., No. Civ. A. 02-858,

3

2004 WL 887371, at *2 (E.D. Pa. Apr. 22, 2005) (sanctioning failure to comport with R. 26 Requests for Admission with decree certain facts sought to be admitted deemed admitted).

In this case, with respect to these unemployment compensation issues, Temple's failure is glaring.

A review of Temple's responses to Kornecki Admission Request nos. 27-31 reveals--unambiguously--that Temple claimed to know very little about Kornecki's unemployment compensation benefits application, and the process attending same, in June 2004. **Exhibit A**.

For example, when asked--quite directly in request no. 31--to admit it did not appeal Kornecki's unemployment compensation award, Temple objected and, in the same breath, claimed it did not know enough about the request, following "reasonable inquiry," to admit or deny it. Id. at 18.

For that matter, Temple claimed it did not know enough about the grounds on which it contested Kornecki's application, including following "reasonable inquiry," to admit or deny Kornecki's admission request thereunto, no. 28. Id. at 16-17.

And indeed, in response to Kornecki's request no. 29 that Temple admit certain facts, including that it appeared at the hearing on Kornecki's benefits application, Temple once again, with a straight face, claimed ignorance despite "reasonable inquiry." Id. at 17.

Now of course, nearly two years later (and as trial approaches), Temple files its motion in limine to preclude unemployment compensation evidence and, in its memorandum supporting same, materially amends, supplements, and corrects facts embraced by its admission request responses, including as follows:

- o  now Temple somehow has learned that it did not, in fact, appeal Kornecki's unemployment compensation benefits award, **Exhibit B** (UC In limine Motion), 3, ¶ 2 ("No appeal was filed");

- o  now Temple somehow also has learned that it did not, in fact, appear at the

4

    hearing on Kornecki's benefits application, <u>id.</u> ("Temple contested Mr. Kornecki's application in written form only");

- o now Temple somehow also has learned the substance of its objection to Kornecki's benefits application, <u>id.</u> at 1, ¶ 2 ("contending that plaintiff's conduct constituted willful misconduct").

  Indeed, the tenor of Temple's in limine Motion with respect to the unemployment compensation proceedings is nothing short of ***working familiarity***, including so much as to enable Temple to characterize the Department of Labor and Industry's inquiry as "minimal," <u>id.</u> at 3, ¶ 2, and to describe Kornecki's prosecution of his benefits application the same, <u>id.</u> ("Kornecki simply filed an employment separation questionnaire").

  Clearly, one of two things is occurring here. Either Temple blatantly has disregarded its duty to supplement its admission request responses, <u>see</u> Fed. R. Civ. P. 26(e), or it does not really know whether the facts recited in its memorandum supporting in limine relief are accurate, despite presenting them thereas to this Court for ruling thereon, <u>cf.</u> Fed. R. Civ. P. 11(b).

  Necessarily then, Temple has rode roughshod over its disclosure duties in this case, or has compromised its candor toward the tribunal. As a sanction for each and either, Kornecki seeks--at least--to have deemed admitted, for purposes of the trial hereof, each of Kornecki's admission requests that regards his unemployment compensation, including benefits, application, and award.

## II. CONCLUSION

  WHEREFORE, plaintiff respectfully requests this Honorable Court deny defendant's said motion, enter an Order of the substance submitted herewith, and grant plaintiff such other relief that the Court deems appropriate under the circumstances.

                Respectfully submitted,

                **BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto
Stephen E. Skovron
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fx:  (215) 735-2455

**CERTIFICATE OF SERVICE**

        I certify I caused a true and complete copy of the within *Plaintiff's Opposition to Defendant's Motion in Limine to Preclude Unemployment Compensation Evidence and Cross-Motion for Discovery Sanctions* to be served upon those listed below by postage prepaid regular mail deposited on May 15, 2006:

        Neil J. Hamburg, Esquire
        HAMBURG & GOLDEN, PC
        1601 Market Street
        Suite 565
        Philadelphia, PA  19103

        _____
        Stephen E. Skovron, Esquire