IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLAW J. KORNECKI,<br>        Plaintiff,<br><br>v.<br><br>TEMPLE UNIVERSITY HOSPITAL,<br>        Defendant. | Civil Action<br><br>No.: 02-CV-3708 |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE**
**OF THE UNEMPLOYMENT COMPENSATION DETERMINATION**

For the reasons set forth in the accompanying memorandum of law, defendant Temple University Hospital ("Temple" or the "Hospital"), whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, hereby moves for an order precluding any evidence or argument regarding the determination of the Pennsylvania Department of Labor and Industry granting plaintiff Unemployment Compensation Benefits.

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Attorney No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Counsel for Defendant
Temple University Hospital

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LESLAW J. KORNECKI,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TEMPLE UNIVERSITY HOSPITAL,<br>　　　　Defendant. | Civil Action<br><br>No.: 02-CV-3708 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE
DETERMINATION OF THE DEPARTMENT OF LABOR AND INDUSTRY GRANTING
<u>PLAINTIFF UNEMPLOYMENT COMPENSATION BENEFITS</u>**

Defendant Temple University Hospital ("Temple" or the "Hospital"), whose proper corporate name is Temple University-Of the Commonwealth System of Higher Education, submits this memorandum of law in support of its motion in limine to preclude evidence or argument regarding the determination of a referee of the Department of Labor and Industry granting plaintiff Unemployment Compensation benefits.

After Temple terminated plaintiff's employment for viewing and accessing pornography on Temple's computers during work hours, plaintiff applied for Unemployment Compensation benefits. Temple contested that application, contending that plaintiff's conduct constituted willful misconduct. On or about May 3, 2002, an unemployment compensation representative of the

Pennsylvania Department of Labor and Industry, made a determination that plaintiff's conduct did not constitute willful misconduct and, consistent with Pennsylvania public policy that favors the granting of Unemployment Compensation benefits, granted plaintiff benefits. A copy of the determination at issue in this motion is attached as Exhibit 1.

Because plaintiff listed this determination in his exhibit list in his pretrial memorandum, plaintiff can be expected to argue to the jury that this determination is evidence that Temple's reason for terminating his employment is pretextual. While plaintiff has every right to introduce any underlying admissible evidence that he used to obtain this decision by the referee, the decision itself has no probative value as a matter of law and would be unduly prejudicial if plaintiff were permitted to introduce it into evidence.

### A DETERMINATION TO AWARD UNEMPLOYMENT COMPENSATION BENEFITS HAS NO EVIDENTIARY VALUE

As a matter of law, a determination that a plaintiff has not committed willful misconduct in an Unemployment Compensation proceeding has no collateral estoppel or res judicata effect in federal civil rights litigation. See Swineford v. Snyder County Penn., 15 F.3d 1258 (3d Cir. 1994) (unemployment compensation hearing findings not preclusive in §1983 action); Kelley v. TYK Refractories Co., 860 F. 2d 1188 (3d Cir. 1988) (factual findings of unemployment compensation

2

hearing are not preclusive in a §1981 suit); <u>Tukesbry v. Midwest Transit, Inc.</u>, 822 F. Supp. 1192 (W.D. Pa. 1993)(unemployment determination regarding willful misconduct is not preclusive in a later Veteran's Reemployment Rights Act case regarding just termination).

### ADMISSION OF THE REFEREE'S FINDINGS WILL USURP THE JURY'S FUNCTION AS FACT FINDER AND BE UNDULY PREJUDICIAL

In this case, the inquiry by the Department of Labor and Industry was minimal, and the dollar value of the award of unemployment compensation benefits is *de minimus* in comparison with plaintiff's claims for damages in this case. Mr. Kornecki simply filed an employment separation questionnaire stating that he did not violate Temple University Hospital rules because Temple could not prove he downloaded any of the pornography.[1] His employment separation questionnaire is attached as Exhibit 2. Temple contested Mr. Kornecki's application in written form only and the unemployment compensation representative determined that they had not met Temple's burden of proof. No appeal was filed. As a result, this matter was not fully litigated on the merits, nor was the proper evidentiary burden in place (requiring Mr. Kornecki to prove he did not violate work rules).

As this Court can see, Exhibit 1 could easily persuade a jury that an inquiry and decision by a government agency, as

---

[1] A disingenuous argument in light of the fact that Mr. Kornecki admitted at his discharge hearing that he had shopped for pornographic DVD's on his computer during work hours.

3

superficial as it was in this case, would relieve it of its obligation to make credibility and factual determinations essential to this case; namely, to determine whether Temple's articulated reasons for terminating plaintiff's employment were pretextual and a cover-up for a desire to punish plaintiff for requesting and receiving leave under the FMLA.

F.R.Evid. §403 provides that relevant evidence may be excluded where "…its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"

Plaintiff has alleged that Temple has violated the Family Medical Leave Act and must prove that Temple did not discharge him for accessing and purchasing pornography on Temple computers during working hours was not only false, but was also motivated by discriminatory animus. See Fuentes v. Perskie, 32 F. 3 758, 765 (3d Cir. 1994). The decision whether plaintiff committed willful misconduct under the Unemployment Compensation laws is simply different from the question whether Temple's decision was motivated by discriminatory animus caused by plaintiff's applying for and receiving FMLA leave. Thus, the jury in this case has a different legal and factual function than the Department of Labor and Industry had in deciding the question whether plaintiff is entitled to Unemployment Compensation benefits.

4

Because of the potential for undue prejudice and confusion that would result from the introduction of the referee's decision granting unemployment compensation benefits, evidence of that finding, including the Notice of Determination attached as Exhibit 1 and marked tentatively as Plaintiff's Exhibit 41 should be precluded under F.R.Evid. 403.

Respectfully submitted,

/s/ Neil J. Hamburg
NEIL J. HAMBURG

Attorney No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
 (215) 255-8590
Counsel for Defendant
Temple University Hospital

**Exhibit 1**

# NOTICE OF DETERMINATION

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF UC BENEFITS AND ALLOWANCES

The final day to appeal this determination is May 20, 2002.

SSN: 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
Type Claim: UC
AB Date: April 14, 2002
Mailed On: May 03, 2002
Page: 1 of 2

**CLAIMANT:**

LESLAW J KORNECKI
437 TWINING FORD RD
RICHBORO PA 18954-1845

**EMPLOYER:**

TEMPLE UNIVERSITY HOSPITALS IN
3333 N BROAD STREET GSB 257
PHILADELPHIA PA 19140

## FINDINGS OF FACT

1. The Claimant was last employed on March 4, 2002.
2. The Claimant's job title was Manager.
3. The Claimant was discharged as the result of a policy or rule violation.
4. The Claimant denied violating the rule.
5. The Employer did not provide firsthand information showing that the Claimant violated the rule.

## DISCUSSION

In situations where the Claimant is discharged for violating a rule, the burden of proof is on the Employer to show that the Claimant was aware, or should have been aware, of the rule and that the Claimant violated the rule. In order to qualify for benefits once this is established, the burden shifts to the Claimant to show good cause for his actions. In this situation, the Claimant denied violating the rule and the Employer did not provide firsthand information showing that the Claimant did violate the rule. As such, the Employer has not sustained its burden of proof and benefits must be allowed under Section 402(e).

## DETERMINATION

The Claimant is eligible for benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law beginning with waiting week ending April 20, 2002.

UC Representative: wr

## APPEAL INSTRUCTIONS

The last day to appeal this determination is: May 20, 2002.

Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless an appeal is timely filed. If you disagree with this determination and wish to file an appeal, your appeal must be filed on or before the last day to appeal shown on this determination.

The last day to appeal this determination is: May 20, 2002

If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal...

**Exhibit 2**

## EMPLOYMENT SEPARATION QUESTIONNAIRE

IF YOU WERE SEPARATED FROM YOUR MOST RECENT EMPLOYER FOR ANY REASON OTHER THAN A LACK OF WORK, YOU MUST COMPLETE THIS QUESTIONNAIRE.

If you were discharged or fired, explain what reasons you were given for your dismissal and provide your complete explanation of what occurred. Be sure to explain what happened on your last day of employment. If you voluntarily quit your job, explain why you quit.

CLAIMANT'S NAME: LESLAW J KORNECKI         SSN: 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

Last worked for TEMPLE UNIVERSITY HOSPITALS IN on 03/04/2002

I am unemployed because _____

I received a new laptop and was requested to turn over my old laptop to the head nurse of CT Surgery. I did this on November 5, 2001. I had not seen the laptop since. This incident was reported on December 31, 2001.

I was called into Human Resources on March 4, 2002 and was told that there were pornographic sites and pictures on the laptop. The pornographic site that was on the laptop was a Temple University server (155.247.166.25) and the pornography was located there for anyone to download. It required no password. Anyone who had an account on the network could access the server and the pictures. They have no audit trail. There is no specific policy for computer usage at Temple University Hospital.

My laptop was given to student and temporary workers from August of 1999 to November 2000 because of project deadlines and space issues.

In my appeal hearing Management could not prove that I was the one who downloaded any of this information. They also admitted that the material is available to any computer within the institution with no passwords and that they do not monitor users on the network.

I did not download any of this material and my conduct as a Temple employee has been exemplary as reflected in my performance evaluations.

(USE REVERSE IF NECESSARY)

I certify that the information I have provided is true and correct:

SIGNATURE _Leslaw J Kornecki_         DATE: 4/26/02

COMMONWEALTH OF PENNSYLVANIA         DEPARTMENT OF LABOR AND INDUSTRY



CERTIFICATE OF SERVICE

I, Neil J. Hamburg, certify that the foregoing Motion In Limine to Preclude Evidence of the Determination of Eligibility of Unemployment Compensation Benefits, together with accompanying documents, has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a copy of the foregoing Motion In Limine to Preclude Evidence of the Determination of Eligibility of Unemployment Compensation Benefits, Memorandum of Law, and Proposed Order was served by regular mail, on May 8, 2006, upon the following:

George Bochetto, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102

/s/ Neil J. Hamburg [NH 1402]
Neil J. Hamburg

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLAW J. KORNECKI,<br>      Plaintiff, | : | Civil Action |
| v. | : | No.: 02-CV-3708 |
| TEMPLE UNIVERSITY HOSPITAL,<br>      Defendant. | : | |

**ORDER**

AND NOW, this ___ day of _____, 2006, upon consideration of defendant's Motion in Limine to preclude evidence of or argument regarding the determination of the referee of the Department of Labor and Industry awarding plaintiff Unemployment Compensation benefits, and plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and plaintiff is PRECLUDED from attempting to introduce evidence of that determination.

BY THE COURT:

_____
NORMA L. SHAPIRO, S.J.