**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LESLAW J. KORNECKI

    v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**O R D E R**

    AND NOW, this _____ day of July, 2006, upon consideration of Plaintiff's Motion in Limine to Preclude Evidence or Argument About Plaintiff's Discharge from Main Line Health, opposition thereto, and the record as a whole, it hereby is ORDERED that the said motion is GRANTED.

    AND IT FURTHER IS ORDERED that defendant Temple University Hospital hereby is PRECLUDED from attempting to introduce into evidence, and/or to argue, at the trial of the above-captioned matter any facts and/or conclusions relating to plaintiff Leslaw J. Kornecki's discharge from Main Line Health's employ.

BY THE COURT:

_____
NORMA SHAPIRO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLAW J. KORNECKI

v.

TEMPLE UNIVERSITY HOSPITAL

CIVIL ACTION

NO. 02-3708

**PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE OR ARGUMENT ABOUT
PLAINTIFF'S DISCHARGE FROM MAIN LINE HEALTH**

NOW COMES plaintiff Leslaw J. Kornecki ("Kornecki"), by and through his undersigned counsel, Bochetto & Lentz, P.C., and hereby moves this Honorable Court in limine to preclude defendant Temple University Hospital from attempting to offer into evidence and/or argue facts and/or conclusions about Kornecki's discharge from Main Line Health's employ:

1.  From August 2002 through March 2005, Main Line Health employed Kornecki. **Exhibit A** (Aug. 5, 2002 Main Line Health employment confirmation letter to Kornecki ("MLH 079") and Mar. 10, 2005 Main Line Health Termination Notice ("MLH 031")).

2.  According to Main Line Health, it discharged Kornecki because of his "Inability to perform to [sic] essential job accountabilities [sic] and expectations." Id., at 2 (MLH 031).

3.  Such evidence is irrelevant to defendant's prospective defenses in this case for the reasons stated in the within memorandum (incorporated herein), and/or is more prejudicial than probative.

WHEREFORE, Kornecki respectfully requests this Honorable Court grant his within Motion in Limine, enter an Order of substance submitted herewith, and grant him such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____

George Bochetto
Stephen E. Skovron
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fx:  (215) 735-2455

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLAW J. KORNECKI | CIVIL ACTION |
| v. | NO. 02-3708 |
| TEMPLE UNIVERSITY HOSPITAL | |

**MEMORANDUM OF LAW SUPPORTING
PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE OR ARGUMENT ABOUT
PLAINTIFF'S DISCHARGE FROM MAIN LINE HEALTH**

**I.      ARGUMENT**

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  F.R.E. 401.  See also Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 811 (E.D. Pa. 2005) (same).

Federal Rule of Evidence 403 provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  F.R.E. 403.  See also Waters, 400 F. Supp. 2d at 811.

The subject evidence is irrelevant to Temple's defense of Kornecki's sole claim, including damages flowing therefrom: FMLA Retaliation.  E.g., Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160, 1168-69 (6th Cir. 1996).

Main Line Health's discharge of Kornecki only would limit Kornecki's backpay claim *if* Main Line Health discharged him for "gross misconduct" or "egregious misconduct."  Id. (citations omitted).

However, as is clear from Main Line Health's own document entitled "Termination Notice," Main Line Health discharged Kornecki because he did not perform essential job functions, including being accountable, and did not meet Main Line Health's expectations of him.  **Exhibit A** (MLH 031 (terminated for "Inability to perform to essential job

accountabilities and expectations")). Such a rationale for termination clearly does not rise to "gross misconduct" or "egregious misconduct," however, as the Thurman Court illustrates:

> Yellow Freight claims that Thurman failed to mitigate his damages because Riggs Trucking Company, his subsequent employer, fired him for cause. During his probationary period at Riggs, Thurman drove a truck under an overpass that was too low. As a result, he bent the exhaust pipe. Riggs discharged him due to the accident. There was no evidence that Thurman acted intentionally. Thus, Yellow Freight failed to establish that Thurman acted wilfully or committed a gross or egregious wrong. Backpay should not be tolled and the district court is affirmed on this issue.

Id.

In this case, Kornecki's termination from Main Line Health clearly stands in stark contrast to any act (or failure) of Kornecki's that reasonably could be characterized as intentional or gross / egregious misconduct because the employer, itself, expressed the reason for Kornecki's termination as his "inability" to perform things. **Exhibit A** (MLH 031).

Alternatively, the probative value of the subject evidence clearly is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury inasmuch as any testimonial excursion into the issue will--at bottom--leave the jury with this irrelevant impression: Temple fired plaintiff, and so did his subsequent employer; plaintiff simply cannot hold a job and that is not Temple's fault.

Therefore, this Court should preclude Temple from introducing that evidence. See F.RR.E. 401, 403.

**II.     CONCLUSION**

WHEREFORE, Kornecki respectfully requests this Honorable Court grant his within Motion in Limine, enter an Order of substance submitted herewith, and grant him such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

                                      **BOCHETTO & LENTZ, P.C.**

By: _____
     George Bochetto
     Stephen E. Skovron
     1524 Locust Street
     Philadelphia, PA  19102
     Ph:  (215) 735-3900
     Fx:  (215) 735-2455

## CERTIFICATE OF SERVICE

      I certify I caused a true and complete copy of the within *Plaintiff's Motion in Limine to Preclude Evidence or Argument About Plaintiff's Discharge from Main Line Health* to be served upon those listed below by electronic filing via ECF on July 12, 2006:

              Neil J. Hamburg, Esquire
              HAMBURG & GOLDEN, PC
              1601 Market Street
              Suite 565
              Philadelphia, PA  19103

                                      Stephen E. Skovron, Esquire